USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/12/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COOPER CONLEY and HENRY WALLACE, on Behalf of Themselves and All Others Similarly Situated,

                     Plaintiffs,

-against-

FORDHAM UNIVERSITY,

                     Defendant.

23-CV-05962 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

    This action is one of a litany of lawsuits brought against colleges and universities throughout the country challenging their responses to the onset of the COVID-19 pandemic in the Spring of 2020. In response to unprecedented public health challenges and Governor Cuomo's Executive Orders declaring a state of emergency in New York and imposing strict rules on congregate activity, Defendant Fordham University ("Defendant" or "Fordham") cancelled in-person events and activities, suspended in-person classes, restricted access to its campus and on-campus services, and transitioned to virtual classes for the remainder of the Spring 2020 term.

    On behalf of themselves and a putative class, Plaintiffs Cooper Conley and Henry Wallace ("Plaintiffs"), who were enrolled as undergraduate students at Fordham in 2020, seek, *inter alia*, damages and restitution, including but not limited to a partial refund of tuition for services not provided (*e.g.*, in-person classes) offset against the market value of the services actually provided (*e.g.*, virtual classes), on state law claims of breach of contract and unjust enrichment.

1

Before the Court is Fordham's motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, on the basis that the "interests of justice" exception to the Class Action Fairness Act of 2005 ("CAFA") applies.

For the reasons stated herein, the Court GRANTS the motion to dismiss.

## FACTS & PROCEDURAL HISTORY

On July 11, 2023, Plaintiff Cooper Conley filed the complaint in this action, which was initially assigned to Judge Marrero. *See* Dkt. No. 1. On September 18, 2023, Plaintiff Henry Wallace filed his complaint in a separate action, *Wallace v. Fordham University*, No. 23-CV-08236 ("*Wallace*"), which was accepted as related by Judge Marrero. *See Wallace*, Dkt. No. 1. On October 18, 2023, Plaintiffs Conley and Wallace ("Plaintiffs") and Fordham jointly requested that their actions be consolidated into one proceeding pursuant to Rule 42 of the Federal Rules of Civil Procedure. *See* Dkt. No. 10. Judge Marrero granted the parties' request, and the actions were consolidated on October 19, 2023. Dkt. No. 11. On November 2, 2023, Plaintiffs filed an amended Consolidated Complaint. Dkt. No. 12 ("Consolidated Complaint" or "Consolidated Compl.").[1] On February 23, 2024, the consolidated action was reassigned to the undersigned.

As alleged in the Consolidated Complaint, Plaintiffs were undergraduate students enrolled at Fordham during the Spring 2020 semester. Consolidated Compl. ¶¶ 18, 20. In March 2020, as the COVID-19 pandemic spread throughout New York and in response to Executive Orders issued by Governor Cuomo, Fordham undertook various efforts to prevent the spread of disease and ensure the safety of its students, faculty, staff, and the surrounding community. Most relevant here, Fordham cancelled all in-person classes and held classes online from March

---

[1] The Court shall treat and accept the Consolidated Complaint as the operative pleading, although the filing was deemed deficient by the Court's Quality Assurance Unit due to a docketing error.

through the end of the Spring 2020 semester; closed certain campus facilities, including its laboratories and libraries; cancelled various campus activities; encouraged students who lived on campus to return home; and directed students to refrain from going on campus. *See id.* ¶¶ 9, 57–60, 71–80.

"Importantly, Plaintiffs do not challenge Defendant's discretion in adhering to federal, state, and local health guidelines, but rather challenge[] Fordham's decision to retain the tuition and fees, paid by Plaintiffs and other students for in-person education, experiences, access to campus, and services, without providing such for the entire duration of the Spring 2020 semester." *Id.* ¶ 16. Plaintiffs contend that Fordham's actions breached its contractual obligations, and that the university was unjustly enriched by failing to provide in-person instruction and various on-campus services while retaining the tuition and fees intended to pay for such services. *Id.* ¶¶ 49, 52–53, 68–70.

On these theories, Plaintiffs bring this putative class action against Fordham pursuant to CAFA, 28 U.S.C. § 1332(d), on behalf of themselves and all students at Fordham who were enrolled in at least one in-person on-campus class, except those with full Fordham-funded scholarships. *Id.* ¶¶ 23, 97–98. Plaintiffs seek, *inter alia*, prorated refunds of tuition and fees reflecting the difference in the fair market value of the in-person services Fordham allegedly promised and the services that they and the putative class actually received. *Id.* ¶¶ 17, 121, 155, 170.

On March 27, 2024, Fordham moved to dismiss the Consolidated Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Dkt. No. 21.[2]

---

[2] The Court shall refer to the parties' briefing on the motion to dismiss as follows: Dkt. No. 24 ("Mot."), Dkt. No. 27 ("Opp."), and Dkt. No. 28 ("Reply").

3

## DISCUSSION

Fordham argues that the Court should dismiss the Consolidated Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because the "interests of justice" exception to CAFA applies.[3] The Court agrees.

### I.     LEGAL STANDARD

Ordinarily, as the party asserting subject matter jurisdiction, Plaintiffs would carry the burden of establishing, by a preponderance of the evidence, that such jurisdiction exists. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57–58 (2d Cir. 2006) (holding that the party asserting CAFA jurisdiction must demonstrate a "reasonable probability" that the jurisdictional requirements are satisfied). Pursuant to 28 U.S.C. § 1332(d) and under the provisions of CAFA, district courts have original federal jurisdiction over any class action in which (i) at least 100 members are in the proposed class, (ii) any member of the class is a citizen of a state different from any defendant, and (iii) the amount in controversy exceeds $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). Here, Fordham does not dispute that the Consolidated Complaint properly alleges jurisdiction under CAFA as an initial matter. *See* Consolidated Compl. ¶¶ 23, 97–107.

---

The Court shall refer to the affidavit, affirmation, and declaration submitted in support of and opposition to the motion to dismiss by the last name of the affiant or declarant, *e.g.*, Dkt. No. 23 is referred to as the "Terzulli Aff."

[3] Plaintiffs assert that Fordham's motion is improperly made pursuant to Rule 12(b)(1) because "CAFA exceptions are not jurisdictional questions" since "[l]ogically, for the Court to exercise its discretion to decline jurisdiction, it must have subject matter jurisdiction in the first instance to decline such jurisdiction." Opp. at 4. Fordham does not dispute that Plaintiffs have established the threshold requirements for federal subject matter jurisdiction under CAFA, and has properly argued and treated the interests of justice exception as just that, a discretionary exception to jurisdiction, while relying on numerous cases involving similar motions made and resolved pursuant to Rule 12(b)(1). *See* Reply at 2, 6–8; Mot. at 4 (citing *S.A.M. Mgmt. Co. v. Consol. Edison Co. of N.Y. Inc.*, 22-CV-03494 (ER), 2023 WL 5935691 (S.D.N.Y. Sept. 11, 2023) (granting the 12(b)(1) motion to dismiss) and *Commisso v. PricewaterhouseCoopers LLP*, 11-CV-05713 (NRB), 2012 WL 3070217 (S.D.N.Y. July 26, 2021) (same)).

CAFA contains, however, several enumerated exceptions to its grant of jurisdiction. Under 28 U.S.C. § 1332(d)(3), the "interests of justice" exception, "[a] district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under [CAFA] over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3). The party opposing the exercise of jurisdiction—here, Fordham—bears the burden of proving, by a preponderance of the evidence, that the interests of justice exception applies. *See Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010) (discussing burden shifting for establishing CAFA exceptions); *see also Int'l House v. Consol. Edison Comp. of N.Y., Inc.*, No. 22-CV-08705 (VEC), 2023 WL 2898623, at *3 (S.D.N.Y. Apr. 11, 2023) ("The party seeking to avail itself of an exception to CAFA jurisdiction has the burden of proving, by a preponderance of the evidence, that the exception applies.").

In determining whether this discretionary exception applies, courts assess the following six factors:

- A. Whether the claims asserted involve matters of national or interstate interest ("National or Interstate Interest Factor");
- B. Whether the claims asserted will be governed by the laws of the State in which the action was originally filed or the laws of other States ("Governing Law Factor");
- C. Whether the class action was pled in a manner that seeks to avoid federal jurisdiction;
- D. Whether the action was brought in a forum with a distinct nexus with the class members, the alleged harms, or the defendant ("Nexus Factor");
- E. Whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States ("Class Composition Factor"); and

> F. Whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed ("Preceding Class Action Factor").

*See* 28 U.S.C. § 1332(d)(3). Here, the third factor, 28 U.S.C. § 1332(d)(3)(C), is inapplicable because Plaintiffs initiated this action in federal court. *See* Mot. at 7. However, because the relevant inquiry is the totality of the circumstances, every factor need not be satisfied in determining that the interests of justice warrant dismissal. *See Sorrentino v. ASN Roosevelt Ctr., LLC*, 588 F. Supp. 2d 350, 359 (E.D.N.Y. 2008) ("a balancing test should be applied taking into consideration the totality of the circumstances" (internal quotation marks omitted)).

In evaluating a motion to dismiss for lack of subject matter jurisdiction, the Court "'must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor,'" *Buday v. N.Y. Yankees P'ship*, 486 F. App'x 894, 895 (2d Cir. 2012) (quoting *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009)), except for "'argumentative inferences favorable to the party asserting jurisdiction.'" *Id.* (quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992)). The Court may also refer to evidence outside of the pleadings, including affidavits. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

## II.    THE INTERESTS OF JUSTICE EXCEPTION APPLIES

Upon reviewing the parties' briefing, the Court finds that dismissal of the Consolidated Complaint is in the interests of justice, given that the majority of the factors weigh in favor of dismissal.

First, as a threshold matter, the Court finds that Fordham has established, by a preponderance of the evidence, that approximately 50% of the members of the proposed class are citizens of New York, *i.e.*, greater than one-third but less than two-thirds of the members of the proposed class. Plaintiffs define the proposed class as:

> All Fordham University students who satisfied their payment obligations for the Spring Semester 2020 tuition and/or Mandatory Fee and who were enrolled in at least one in-person on-campus class[,] . . . exclud[ing] . . . all undergraduate students who received full Fordham-funded scholarships for the Spring 2020 semester[;] Defendant[;] Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, joint ventures, or entities controlled by Defendant[;] and [Defendant's] heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers.

Consolidated Compl. ¶¶ 97–98.

In support of its motion, Fordham submitted the sworn affidavit of Stefano A. Terzulli, Bursar/Director of Student Accounts for Fordham, in which Terzulli represents that there are 15,060 students who would qualify as members of the proposed class. *See* Terzulli Aff ¶¶ 1, 4. Terzulli further represents that 7,494 of those students—approximately 50% of all putative members of the proposed class—were residents of New York, upon reviewing data stored within Fordham's student information system of record, which includes students' permanent addresses at the time of their enrollment. *See id.* ¶¶ 3–5. The state of residence for the second largest group of putative class members—1,859 students or approximately 12% of all putative members of the proposed class—is New Jersey. *See id.* ¶ 6. The remaining approximately 38% of the proposed class are citizens of at least forty-five other states, and other countries and territories. *See id.* ¶ 7. Plaintiffs do not dispute Fordham's representations. *See* Opp. at 9.

Based on the balance of the six factors and the totality of the circumstances, the Court holds that dismissing this action would be in the interests of justice because it would allow a New York state court to apply New York law to a New York defendant and a putative class—approximately 50% of which are citizens of New York, which is well within the citizenship range of greater than one-third but less than two-thirds—allegedly harmed by activity that

occurred in New York. *See, e.g., Gaska v. DARCARS of R.R. Avenue, Inc.*, 673 F. Supp. 3d 157, 172 (D. Conn. 2023) (holding similarly in favor of remanding to Connecticut state court).

The Court's decision to dismiss this action comports with the decisions in two similar actions—*Stellato v. Hofstra University* and *Boykin-Smith v. New York Institute of Technology*—in the Eastern District of New York, in which the court declined to exercise jurisdiction under the interests of justice exception over putative class actions involving students seeking to recover damages for breach of contract, arising out of their respective New York-based schools' response to the COVID-19 pandemic including transitioning to remote instruction during the Spring 2020 term. *See Stellato v. Hofstra Univ.*, No. CV 20-1999 (GRB) (ARL), CV 20-3671 (GRB) (ARL), 2022 WL 2222875 (E.D.N.Y. June 17, 2022); *Boykin-Smith v. N.Y. Inst. Tech.*, No. 20-CV-04108 (JMA) (ARL), 2022 WL 5119857 (E.D.N.Y. Oct. 5, 2022); *see also Patel v. St. John's Univ.*, No. 20-CV-02114 (LDH) (CLP), 2023 WL 3454994 (E.D.N.Y. May 15, 2023) (remanding pursuant to the home state exception); *Richins v. Hofstra Univ.*, 908 F. Supp. 2d 258 (E.D.N.Y. 2012) (remanding pursuant to the home state and interests of justice exceptions).

The *Stellano* Court "considered all six enumerated factors and [found] most compelling that these class actions involve[d] New York State Mandates and Executive Orders, New York State Law claims and consist primarily of New York State citizens." *Stellano*, 2022 WL 2222875, at *2 (citing to the National or Interstate Interest, Governing Law, and Class Composition Factors). The *Boykin-Smith* Court similarly held that all six factors weighed in favor of discretionary remand under the interests of justice exception, reasoning that the case "primarily involve[d] campuses in New York State and citizens of New York," the claims would be "governed by New York law, and "New York has the most obvious nexus to the class members, the alleged harm, and the defendant." *Boykin-Smith*, 2022 WL 5119857, at *4. The

*Stellato* and *Boykin-Smith* Courts' reasoning applies with equal force here. Indeed, that reasoning is only amplified by the Second Circuit's recent decision in *Beck v. Manhattan College*, No. 23-1049, 2025 WL 1226647 (2d Cir. Apr. 29, 2025), in which the court identified a split between state and federal courts in their interpretation of New York law as applied to these exact circumstances, and, recognizing the primacy of New York's interest in the interpretation and application of its own laws, certified to the New York Court of Appeals the question of "whether New York law requires a *specific* promise to provide *exclusively* in-person learning as a prerequisite to the formation of an implied contract between a university and its students with respect to tuition payments." *Beck*, 2025 WL 1226647, at *4 (emphasis in original).

Plaintiffs' arguments against dismissal of this action primarily amount to inapposite arguments that they have sufficiently stated their claims under Rule 12(b)(6). *See* Opp. at 6–10. Plaintiffs also misapply the six factors in various ways.

On the National or Interstate Interest and Governing Law Factors, Plaintiffs wrongly assert that "[t]he national importance of COVID-19 cases" is dispositive and that "the clearest and most developed application of [New York state] law in this context has been in the New York federal courts." *See id.* at 6. The claims asserted here arise under New York state laws regarding breach of contract and unjust enrichment—"[s]uch matters are not, in the first instance, regulated by any arm of the federal government," rather, "[t]he matters raised here, and similar claims raised in other states, are governed by the laws and rules of each state." *See Richins*, 908 F. Supp. 2d at 364. Moreover, the Second Circuit in *Beck* recently acknowledged that *Rynasko v. New York University*, 63 F.4th 186 (2d Cir. 2023), the case on which Plaintiffs primarily rely, is now at odds with two opinions from New York's intermediate appellate courts and certified the central issue in this case to the New York Court of Appeals, *see Beck*, 2025 WL 1226647, at

9

*2, 4, undermining the notion that the mere number of federal court cases on this issue should be given any weight on this factor. Plaintiffs also baselessly assert "the importance of a unified response to a uniform practice related to a national pandemic," while conceding that "the claims presented by Plaintiffs here are governed by [New York] state contract and quasi contract law." Opp. at 6–7. The National or Interstate Interest and Governing Law Factors clearly weigh in favor of dismissing this action.

On the Nexus Factor, Plaintiffs also wrongly assert that the location of Fordham's campus in this District is dispositive. *Id.* at 8. However, the Nexus Factor also weighs in favor of dismissing this action, given that 50% of the putative class members are New York residents, Fordham's two campuses are located in New York state (as well as the District), and the core issue in this action is Fordham's response to Executive Orders issued by New York's Governor.

On the Class Composition Factor, as discussed *supra*, Fordham's records demonstrate, by a preponderance of the evidence, that the class is comprised of more New York residents than residents of any other state. *See* Terzulli Aff. ¶¶ 5–7. The mere fact that there are putative class members from "nearly every other state in the country, United States territories, and foreign countries," Opp. at 9, does not undermine the fact that New York residents—7,494 individuals or approximately 50% of the putative class—make up substantially more of the putative class than residents from any other state, and a near-majority of the entire class. Indeed, as Fordham argues, the fact that the remaining putative class members who are not New York residents are broadly dispersed across the country and around the world weighs in favor of dismissing this action under the interests of justice exception. *See* Reply at 5–6.

Finally, on the Preceding Class Action Factor, Plaintiffs do not dispute that a similar action has not been filed within the last three years, and Plaintiffs' reference to *Hassan v. Fordham University* is of no moment. *See* Opp. at 9–10.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Fordham's motion to dismiss and shall decline to exercise jurisdiction under CAFA, pursuant to the interests of justice exception. Nothing in the Court's ruling goes to the merits of the asserted claims or the ability of Plaintiffs, if they choose, to file this action in another court. The Clerk of Court is respectfully directed to CLOSE this case.

Dated: May 12, 2025
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge